**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>A. HEDGPETH, et al.,<br><br>    Defendants. | No. C 09-05055 SBA (PR)<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He also seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

1    Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g),
2    by either the district court or the defendants, but also requires the prisoner to bear the ultimate
3    burden of persuasion that § 1915(g) does not bar pauper status for him.  Id.  Andrews implicitly
4    allows the Court to raise the § 1915(g) problem sua sponte, but requires the Court to notify the
5    prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner
6    an opportunity to be heard on the matter before dismissing the action.  See id. at 1120.  A dismissal
7    under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g),
8    but he still may pursue his claims if he pays the full filing fee at the outset of the action.

9    A review of the dismissal orders in Plaintiff's prior prisoner actions in the United States
10   District Court for the Eastern District of California reveals that Plaintiff has had at least three such
11   cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon
12   which relief may be granted.  Plaintiff is now given notice that the Court believes the following
13   dismissals may be counted as dismissals for purposes of § 1915(g): (1) Walker v. Mariano, et al.,
14   No. CIV S-99-01862 LKK GGH P (E.D. Cal. Feb. 10, 2000) (civil rights complaint dismissed with
15   leave to amend for failure to state a claim upon which relief may be granted and action dismissed for
16   failure to amend); (2) Walker v. Carey, et al., No. CV F-99-06346 OWW DLB P (E.D. Cal. July 26,
17   2002) (civil rights action dismissed for failure to state a claim); (3) Walker v. Starr, et al., No. CV F-
18   99-06683 REC SMS (YNP) P (E.D. Cal. June 1, 2004) (civil rights complaint dismissed with leave
19   to amend for failure to state a claim upon which relief may be granted and action dismissed for
20   failure to amend); and (4) Walker v. Terhune, et al., No. CV F-00-05018 AWI WMW P (E.D. Cal.
21   Sept. 13, 2004) (civil rights complaint dismissed with leave to amend for failure to state a claim
22   upon which relief may be granted and action dismissed for failure to amend).  Plaintiff therefore
23   may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury
24   which is "imminent" at the time of filing.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir.
25   2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth,
26   147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  He is not.

27   In light of these dismissals, and because Plaintiff does not appear to be under imminent
28   danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing no later than

2

1 **thirty (30) days** from the date of this Order why his request for in forma pauperis status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee.  In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks in forma pauperis status.

**Failure to file a timely response or failure to pay the full filing fee in will result in the dismissal of this action without further notice to Plaintiff.**

IT IS SO ORDERED.

DATED: 11/4/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

G.DANIEL WALKER,

        Plaintiff,

v.

A. HEDGPETH et al,

        Defendant.

Case Number: CV09-05055 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

G. Daniel Walker B-54570
Salinas Valley State Prison
31625 Highway 101
Soledad, CA 93960

Dated: November 16, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.09\Walker5055.1915g-OSC4.wpd