IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>    Plaintiff,<br><br>  v.<br><br>A. HEDGPETH, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-05055 SBA (PR)<br><br>**ORDER DENYING MOTION FOR RECUSAL**<br><br>(Docket no. 7) |

The following background relating to the instant action has been taken from the Court's December 3, 2009 Order of Dismissal:

> Plaintiff G. Daniel Walker, currently incarcerated at Salinas Valley State Prison, filed a document entitled, "Corruption, Crimes, Conspiracy and Racketeering by State Prison Staff to Compensate for Lost Wages Due to Furlough Days," addressed to the "United States Grand Jury for Northern California." Because the Grand Jury is not a body that can receive mail, this document was apparently sent to this Court and the Clerk of the Court has construed it as a civil rights complaint under 42 U.S.C. § 1983. After being sent paperwork and a direction to do so, Plaintiff has also filed an application to proceed in forma pauperis.
>
> In its Order to Show Cause pursuant to 28 U.S.C. § 1915(g) dated November 4, 2009, the Court found Plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and further found Plaintiff was not "under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). Consequently, the Court ordered Plaintiff to show cause why the action should not be dismissed pursuant to 28 U.S.C. § 1915(g). See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) ("Andrews I").
>
> On November 20, 2009, Plaintiff filed a document entitled, "Response to Meaningless & Pecksniffian OSC," in which he claims he was seeking a Grand Jury investigation by filing a "criminal complaint," and he was not intending to file a civil rights complaint.

(Dec. 3, 2009 Order at 1.)

On December 3, 2009, the Court dismissed the "criminal complaint" as frivolous, stating:

> Here, Plaintiff may not institute a private criminal proceeding subjecting Defendants to arrest and indictment. The Fifth Amendment to the Constitution provides that, except for certain military cases, "no person shall be held to answer

for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."

(Id. at 2.)

Before the Court is Plaintiff's motion for recusal of this Court pursuant to 28 U.S.C. §§ 144, 455.[1]  Plaintiff claims that this Court erred in its "attempt to **dismiss** [this action] as a civil rights petition rather than forward the **criminal complaint** to the **Grand Jury**."  (Mot. for Recusal at 2 (emphasis in original).)  He also alleges this Court is prejudiced against him.

Title 28 U.S.C. § 144 provides for recusal where a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party.  The affidavit must state the facts and reasons for such belief and, if the party is represented by counsel, must be accompanied by a certificate signed by counsel that it is signed in good faith.  See 28 U.S.C. § 144.  A judge finding the motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter.  See id.; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  If the judge finds the affidavits are not legally sufficient, recusal is simply denied.  See 28 U.S.C. § 144; United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995) (affidavit inadequate when based on mere conclusory allegations).  A party may file only one such affidavit in each case.  See 28 U.S.C. § 144.  A judge is not required to refer a motion to recuse to another judge if the motion is neither timely nor legally sufficient.  See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999).

Recusal is appropriate where a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).[2]  As a federal judge is presumed to be

---

[1] Plaintiff's "Motion & Affidavit for Recusal" was file-stamped on December 2, 2009; however, it was not docketed until December 7, 2009.

[2] The substantive test for personal bias or prejudice is identical in sections 144 and 455(b)(1); cases interpreting either are controlling in interpretation of the other.  See Sibla, 624 F.2d at 868.  Accordingly, the section 144 affidavit requires the judge to consider whether, under all the circumstances, recusal is required under the self-enforcing provisions of section 455(a) and (b)(1), and it is not necessary for a party to expressly invoke section 455.  See id.  If, after considering all the circumstances, the judge declines to grant recusal pursuant to section 455(a) and (b)(1), the judge must still determine the legal sufficiency of the affidavit filed pursuant to section 144.

1 impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is
2 not the case. See United States v. Zagari, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976).

3     Here, the Court finds Plaintiff's affidavit in support of the motion to recuse this Court is not
4 legally sufficient. Plaintiff's argument claiming prejudice stems from the fact that the Court initially
5 construed his filing as a civil rights complaint. Even if this was so, the Court has since considered
6 Plaintiff's "criminal complaint" and dismissed it as frivolous. Finally, if Plaintiff chooses to file
7 another motion for recusal based on the Court's ruling dismissing this action, then such a motion will
8 also be denied because adverse rulings are not an adequate basis for recusal. Leslie v. Grupo ICA,
9 198 F.3d 1152, 1160 (9th Cir. 1999).

10     Accordingly, Plaintiff's motion for recusal (docket no. 7) is DENIED. This Order terminates
11 Docket no. 7.

12     IT IS SO ORDERED.

13 DATED: 12/8/09                                                                *Saundra B Armstrong*
14                                                                      SAUNDRA BROWN ARMSTRONG
                                                                     United States District Judge

15
16
17
18
19
20
21
22
23
24
25
26
27

**United States District Court**
**For the Northern District of California**

P:\PRO-SE\SBA\CR.09\Walker5055.denyRECUSAL.wpd

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| G.DANIEL WALKER, | | Case Number: CV09-05055 SBA |
| Plaintiff, | | **CERTIFICATE OF SERVICE** |
| v. | | |
| A. HEDGPETH et al, | | |
| Defendant. | / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 9, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

G. Daniel Walker B-54570
Salinas Valley State Prison
31625 Highway 101
Soledad, CA 93960

Dated: December 9, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.09\Walker5055.denyRECUSAL.wpd